**LENFORD NEVER MISSES A SHOT,**
**No. 12582-073,**

**Petitioner,**

    **vs.**                       **Case No. 17-cv-822-DRH**

**U.S. DISTRICT COURT (Pierre, S.D.),**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

## Background

Petitioner pleaded guilty to a charge of sexual abuse in the District of South Dakota in 2004. *United States v. Never Misses a Shot*, Case No. 03-cr-30063-CBK (D.S.D.). On May 14, 2004, he was sentenced to 210 months in prison, to be served consecutively to a 10-month sentence for escape in Case No. 04-cr-30026-01 (D.S.D.). (Doc. 39 in Case No. 03-cr-30063). He was convicted of sexual abuse under 18 U.S.C. § 2242(2). Federal jurisdiction was established pursuant to 18 U.S.C. § 1153, the Indian Major Crimes Act. (Case No. 03-cr-30063).

Petitioner has made several attempts to challenge his conviction and sentence, but has obtained no relief. In his initial motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Case No. 04-cv-3024, D.S.D.), he relied on *Blakeley v. Washington*, 542 U.S. 296 (2004) (state trial court violated Sixth Amendment right to trial by jury when it imposed a sentence longer than the statutory maximum based on a judicial finding that defendant acted with deliberate cruelty). The § 2255 motion was denied because *Blakely* had not been found to be retroactively applicable on collateral review. *Never Misses a Shot v. United States*, Case No. 16-cv-3011 (D.S.D. March 11, 2016, Doc. 5).

In 2006, Petitioner filed a second § 2255 motion (Case No. 06-cv-3019, D.S.D.), raising claims that his attorney was ineffective, and that he was not competent to enter a guilty plea. That motion was denied because Petitioner had not obtained authorization from the United States Court of Appeals for the Eighth

Circuit to bring the successive action. *Never Misses a Shot v. United States*, Case No. 16-cv-3011 (D.S.D. March 11, 2016, Doc. 5).

On June 17, 2014, he sought permission from the Eighth Circuit to file a successive §2255 motion. That petition was denied on April 1, 2015. *Id.*

On February 29, 2016, he filed a third § 2255 motion, raising four issues: (1) His conviction should be vacated based on *United States v. Bruguier*, 735 F.3d 754, 760-61 (8th Cir. 2013), which held that in order to obtain a sexual abuse conviction under 18 U.S.C. § 2242, the jury must find that the defendant "knew the victim was incapable of appraising the nature of the conduct or was physically incapable of declining participation in or communicating unwillingness to engage in a sexual act," *Never Misses a Shot v. United States*, Case No. 16-cv-3011 (D.S.D. March 11, 2016, Doc. 5, pp. 1-2); (2) Petitioner's indictment was insufficient, because he was charged as Lenford Never Misses a Shot, but his real name is Linford Louis Walking Crow; (3) He is not in fact an Indian as required for jurisdiction under 18 U.S.C. § 1153; and (4) The application of a 4-level enhancement for abducting the victim constitutes double jeopardy, because the kidnapping charge against him was dismissed. *Never Misses a Shot v. United States*, Case No. 16-cv-3011 (D.S.D. March 11, 2016, Doc. 5, pp. 1-2).

After noting that Petitioner had failed to obtain permission to file the successive § 2255 motion, the trial court evaluated the merits of his claims and concluded that he would not be entitled to relief. *Bruguier* did not apply because Petitioner pled guilty and did not have a jury trial. Petitioner had signed a factual

basis statement affirming that he is an Indian, signed his name as Lenford Never Misses a Shot, and testified under oath that the factual basis was true and his name was Lenford Never Misses a Shot. He testified at sentencing that he knew the victim was intoxicated, but had sex with her anyway. The court found the sentencing enhancement argument to be frivolous. *Never Misses a Shot v. United States*, Case No. 16-cv-3011 (D.S.D. March 11, 2016, Doc. 5, p. 2).

Petitioner's fourth § 2255 motion, filed on June 30, 2016, challenged his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Never Misses a Shot v. United States*, Case No. 16-cv-3029 (D.S.D.). The trial court dismissed that motion, finding that Petitioner was not sentenced pursuant to the residual clause of the Armed Career Criminal Act which *Johnson* held to be unconstitutionally vague, thus no relief was available to him under *Johnson. Never Misses a Shot v. United States*, Case No. 16-cv-3029 (D.S.D. Sept. 30, 2016, Doc. 5, p. 3).

### **The Petition**

The instant § 2241 Petition was filed on August 2, 2017. (Doc. 1). Petitioner raises several grounds for relief: (1) Petitioner's 4-level enhancement for having abducted the victim was improper because the victim got back into his car voluntarily after having jumped out of it, and because the charge for abducting and kidnapping was dropped; (2) Trial counsel was ineffective for failing to object to the sentence enhancement and for failing to advise Petitioner that he would face an enhanced sentence; (3) After Petitioner signed the plea agreement, the

prosecutor added 6 more enhancement points to his charge, thus increasing the sentence by 89 more months; (4) Another 2-point enhancement for having the victim under Petitioner's control was unsupported by the facts, because the victim was free to leave when she exited his car, but then chose to get back into his vehicle; (5) The victim was never determined to be an Indian, therefore charges should not have been pursued against Petitioner. (Doc. 1, pp. 7-10). Petitioner asserts that if the 4-point enhancement for abduction and the 2-point enhancement for controlling the victim were removed, his guideline range would be reduced to 121-151 months, which he has already served. (Doc. 1, p. 9).

Petitioner seeks to have his sentence vacated or reduced (Doc. 1, p. 10). As further relief, he apparently wants to be sent to tribal court for an arraignment, preliminary hearing, and an extradition hearing; he wants his name "fixed" because the "Federal Bureau" does not have jurisdiction over him under his birth name; he seeks monetary compensation for his imprisonment and for "kidnapping" him; and he wants his criminal record expunged. (Doc. 1, p. 11).

Petitioner attaches several documents, including a letter from United States District Judge Kornmann (D.S.D.) responding to Petitioner's claims that there was no proof during his case that he is an Indian and that his name is not Lenford Never Misses a Shot. (Doc. 1, p. 12). Petitioner added a note on this letter that there is no birth certificate under this name. He also attaches a birth certificate, amended on January 23, 2015, with the name Linford Louis Walking Crow. (Doc. 1, p. 13). He includes excerpts from court transcripts regarding the sentencing

enhancements. (Doc. 1, pp. 15-16). Finally, he attaches an article discussing *United States v. Zepeda*, 792 F.3d 1103 (9th Cir. 2015), which modified the test for determining who is an "Indian" under the Indian Major Crimes Act, 18 U.S.C. § 1153. (Doc. 1, pp. 17-18).

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Petitioner is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792,

798-99 (7th Cir. 2002). The fact that Petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Here, the Petition does not state a claim for relief that fits within the savings clause of § 2255(e). Petitioner's assertion that his trial counsel rendered

ineffective assistance is a matter that could have been raised in his initial § 2255 motion, therefore § 2255 is not "inadequate or ineffective" to address that claim. The same is true for Petitioner's arguments about his sentence enhancements and his claim that he was indicted/charged using the wrong name – there was no impediment to raising those matters in the first § 2255. Therefore, he cannot bring these claims in a § 2241 case using the savings clause.

As for Petitioner's claim that the victim was never determined to be an Indian, the Court fails to see the relevance of this argument, even if this is true. The conduct to which Petitioner pled guilty was a crime, regardless of the nationality or race of the victim. This claim lacks merit and again, could have been raised in the first instance when Petitioner sought relief under § 2255.

The *Zepeda* case addresses the issue of federal court jurisdiction under 18 U.S.C. § 1153 based on the classification of the criminal *defendant* as an Indian or non-Indian. This has nothing to do with the status of the victim. *United States v. Zepeda*, 792 F.3d 1103 (9th Cir. 2015). The Ninth Circuit in that case overruled one part of the 2-part test used to determine who qualifies as an "Indian" under § 1153. Previously, the requirement that a person must have "Indian blood" meant that the person's lineage must be traceable to a federally recognized tribe. *See United States v. Maggi*, 598 F.3d 1073 (9th Cir. 2010). The *Zepeda* court held that the "Indian blood" requirement would be met by proof that the defendant has "some quantum of Indian blood, whether or not traceable to a federally recognized tribe." *Zepeda*, 792 F.3d at 1113. The second factor, which

requires that the defendant be a member of or affiliated with a federally recognized tribe, remained unchanged.

In Petitioner's case, the record shows that he signed a factual basis statement acknowledging that he is an Indian. (Doc. 5, p. 2, in Case No. 16-cv-3011 (D.S.D.)). The letter from Petitioner's trial judge further elaborates that the factual basis statement signed by Petitioner stated that he is "7/8 degree of Indian by blood and [is] an enrolled member of the Rosebud Sioux Tribe," and that Petitioner did not object to the presentence report statement that he is an American Indian. (Doc. 1, p. 12). Petitioner could not have presented the *Zepeda* opinion in his first § 2255 motion, since it was not issued until 2015, and *Zepeda* is a statutory interpretation case. These factors partially satisfy the requirements outlined above for bringing a savings clause claim. However, even if the *Zepeda* opinion were retroactively applicable (a question which need not be addressed here), it would not change the outcome in Petitioner's case. The facts presented in the Petition indicate that Petitioner had "some quantum of Indian blood," thus federal jurisdiction over his criminal case was proper under 18 U.S.C. § 1153 as interpreted in *Zepeda*. The *Zepeda* case does not illustrate any "fundamental defect" in Petitioner's conviction or sentence that is grave enough to be deemed a miscarriage of justice, and does not support a claim for relief that may be brought under the savings clause in a § 2241 petition.

All of Petitioner's other arguments raised in this action could have been brought when he initially sought relief under § 2255. Thus, the Petition does

not demonstrate that the § 2255 procedure was inadequate or ineffective to address his claims, and for this reason, he cannot bring these claims under the umbrella of a § 2241 habeas proceeding.

Petitioner should note that even if one or more of his claims had merit, monetary relief is not available in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (release from custody may only be sought in a habeas case); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Compensatory and/or punitive damages may be awarded in a successful civil rights action brought under 42 U.S.C. § 1983, or in an action based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the § 1983 equivalent for federal prisoners. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). However, an award of money damages for what Petitioner characterizes as his "illegal imprisonment" is barred by the rule explained in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), so long as the sentence or conviction is still in force.

## **Disposition**

To summarize, Petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, Petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the Petition is summarily **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.29
12:40:49 -05'00'

**United States District Judge**